[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10588
The plaintiffs have appealed from the defendant Town's reassessment of two commercial properties they own located on Foxon Road (Route 80) in East Haven. The appeals were consolidated for trial.
Each party presented appraisal reports and testimony from its appraiser. The defendant also called on the Town's assessor to explain the evaluations he performed.
The Town objected to the plaintiff's appraisals and appraiser's opinions being considered by the Court because they represent evaluations as of October 1, 1991 and the appeals are from October 1, 1992 and subsequent assessments. While this claim has merit, since only one year intervened between the evaluation and the assessment, the Court concludes in can consider them and, if appropriate, make adjustments.
Mr. Milici, the East Haven assessor, testified that he concluded that 904 Foxon Road had a fair market value of $415,870. He valued 933-945 Foxon Road at $512,540. He was handicapped by the failure of the owners to provide his office with income and expense documents.
Albert Fucci, the Town's appraiser, set the values at $330,000 and $515,000, respectively. Vincent J. Guardiano, on behalf of the plaintiffs, valued the properties at $265,000 and $422,000.
While both appraisers utilized the income capitalization method, the capitalization rates employed vary, with the plaintiff's appraiser choosing 13.5% and the defendant's appraiser settling on 10%. This spread is suspect since the higher the capitalization rate, the lower the resulting appraisal figure. Of course, the lower the rate used, the higher the property value.
The defendant's appraisals were attacked on cross examination by plaintiff's counsel who elicited admissions as to mathematical errors contained. The appraiser stated these errors had no bearing on the end result.
The Court has examined all four appraisals, including the CT Page 10589 supporting data and exhibits, such as financial statements.
The Court rejects the plaintiff's evaluation of 904 Foxon Road of $265,000 and adopts the defendant's appraiser's figure of $330,000. In so doing, the Court has also considered the opinion of Mr. Milici, but his figure is higher than the defendant has argued for.
The property at 933 Foxon Road presents a more difficult problem even though the spread between the low and high evaluations is less than on the 904 Foxon Road property — about $93,000 as opposed to $150,000.
As noted above, the capitalization rates of the two appraisers are 3.5 % apart. The Court feels a rate of 10.5% oR 11% is more appropriate for the date in question and for the subject property. This conclusion is derived in part from an application of the mortgage equity technique. Unfortunately, because the plaintiff's income and expense figures were not made available to the Town, each appraiser used different net income figures as companions to the different capitalization rates.
Applying the Court's 11% rate to the plaintiff's income figure, the value would be $518,888.88. Since this is in excess of the defendant's lowest evaluation, the Court will find the proper evaluation for this parcel to be $512,540.
The appeals are therefore denied.
Anthony V. DeMayo State Trial Referee